**NOT FOR PUBLICATION**

**RECEIVED**

OCT 4 2005

AT 8:30 _____ M
WILLIAM T. WALSH
CLERK

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|

DAVID C. VOGEL,                          :
                                         :
             Plaintiff,                   :   Civil Action No. 05-3808 (GEB)
                                         :
      v.                                 :      **O P I N I O N**
                                         :
HECTOR RUIZ and LISA COUTTS,             :
                                         :
             Defendants.                 :

**APPEARANCES:**

David C. Vogel, Pro Se
Southern State Correctional Facility
#463516
P.O. Box 150
Delmont, NJ 08314

**BROWN, Chief Judge**

Plaintiff, David C. Vogel, currently incarcerated at the Southern State Correctional Facility, Delmont, New Jersey, seeks to bring this action in forma pauperis without prepayment of fees pursuant to 28 U.S.C. § 1915. Based on Plaintiff's affidavit of indigence, the Court will grant his application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the complaint.

At this time, the Court must review the complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it

seeks monetary relief from a defendant who is immune from such relief.  For the following reasons, Plaintiff's claims will be permitted to proceed in part.

### BACKGROUND

The following factual allegations are taken from Plaintiff's Complaint and are accepted as true for purposes of this review.

Plaintiff seeks to sue Hector Ruiz, the attorney from the Monmouth County section of the Public Defender's Office who represented him in the course of his plea negotiations, and Lisa Coutts, a Pre-Sentence Investigator with the Monmouth County Probation Office.  Plaintiff states that these defendants purposely misinformed him about the presence of a detainer which was placed on him in Pennsylvania.  Plaintiff states that the two defendants told him that there was no detainer placed on him; however, after entering a guilty plea to crimes charged based on this information, he was told that there was an outstanding detainer.  He states that he would not have entered the guilty plea had he known about the detainer.

Plaintiff states that he wrote the sentencing judge to have the guilty plea withdrawn.  He also filed a motion for post-conviction relief arguing that counsel was ineffective.

Plaintiff asks for monetary relief and for the detainer to be "taken care of."

2

## DISCUSSION

### A.   Section 1915 Review

In 1996, Congress enacted the Prison Litigation Reform Act ("PLRA"), Title VIII of the Omnibus Consolidated Rescissions and Appropriations Act of 1996, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996).  Congress's purpose in enacting the PLRA was "primarily to curtail claims brought by prisoners under 42 U.S.C. § 1983 and the Federal Tort Claims Act . . . many of which are routinely dismissed as legally frivolous."  Santana v. United States, 98 F.3d 752, 755 (3d Cir. 1996).  A crucial part of the congressional plan for curtailing meritless prisoner suits is the requirement, embodied in 28 U.S.C. § 1915A(b), that a court must dismiss, at the earliest practicable time, any prisoner actions that are frivolous or malicious, fail to state a claim, or seek monetary relief from immune defendants.  "A pro se complaint may be dismissed for failure to state a claim only if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981) (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972)).

In determining the sufficiency of a complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  See Haines v. Kerner, 404 U.S. 519 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court should

3

"accept as true all of the allegations in the complaint and reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). The Court need not, however, lend credit to a pro se plaintiff's "bald assertions" or "legal conclusions." Id.

**B.   42 U.S.C. § 1983**

A plaintiff may have a federal cause of action under 42 U.S.C. § 1983 for alleged violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

Thus, to establish a violation of 42 U.S.C. § 1983, a plaintiff must show that the challenged conduct was committed by a person acting under color of state law and that the conduct deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States. See Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled in part on other grounds by Daniels v. Williams, 474 U.S. 327 (1986); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

4

Plaintiff's claims against defendant Ruiz must be dismissed, as public defenders are not "state actors" for purposes of section 1983.  Defense counsel, whether they are court-appointed public defenders or privately-retained attorneys, do not act under color of state law when representing their clients.  <u>See</u> <u>Polk County v. Dodson</u>, 454 U.S. 312, 325 (1981) (holding that public defenders do not act under color of state law).

With regard to defendant Coutts, probation officers are entitled to only qualified immunity when gathering information for pre-sentence reports, as they do so in an administrative, not an adjudicative capacity.  <u>See</u> <u>Bieros v. Nicola</u>, 839 F. Supp. 332, 335 (E.D. Pa. 1993) (finding probation officer entitled to qualified immunity on charges that officer filed false pre-sentence investigation report).  Since "good faith is a matter of defense, the determination of that issue as to each defendant must also await proceedings beyond a Rule 12(b)(6) motion." <u>Safeguard Mutual Ins. Co. v. Miller</u>, 472 F.2d 732, 734 (3d Cir. 1973) (quoted in <u>Bieros</u>, 839 F. Supp. at 335).  In the instant case, Plaintiff alleges that upon reading the pre-sentence report he asked defendant Coutts about the veracity of the statements. She responded that the information in the report was true. Plaintiff asserts that he later discovered that information in his report was not true, and accuses defendant Coutts of "present[ing] false information to fraudulently induce [him] into

accepting a plea that would have been otherwise rejected." Thus, Plaintiff claims that he waived his right to trial based on the false information in the report.

Liberally construing this claim as alleging a due process violation against defendant Coutts, the Court will permit this claim to proceed past the sua sponte screening stage. See Alston v. Parker, 363 F.3d 229, 233 n.6 (3d Cir. 2004)(stating that at the pleading stage, a plaintiff need only make out a claim upon which relief can be granted, and that if more facts are necessary to resolve the dispute, the parties may avail themselves of discovery mechanisms).

## CONCLUSION

For the foregoing reasons, Plaintiff's claims against defendant Ruiz will be dismissed. The claims against defendant Coutts will be permitted to proceed. An appropriate Order accompanies this Opinion.

_____
GARRETT E. BROWN, JR., Chief Judge
United States District Court

Dated: *SEPTEMBER 30* , 2005

6