<u>NOT FOR PUBLICATION</u>

**RECEIVED**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

APR 6 2006

AT 8:30 _____ □
WILLIAM T. WALSH
CLERK

```
————— ————— ————— ————— ————— ————— —————   :
                                              :
DAVID C. VOGEL,                               :    Civil Action No. 05-3808 (GEB)
                                              :
              Plaintiff,                      :
                                              :
         v.                                   :       O P I N I O N
                                              :
HECTOR RUIZ and LISA COUTTS,                  :
                                              :
              Defendants.                     :
————— ————— ————— ————— ————— ————— —————   :
```

**APPEARANCES:**

David C. Vogel, Plaintiff, <u>Pro</u> <u>Se</u>
Southern State Correctional Facility
#463516/442169B
P.O. Box 150
Delmont, NJ 08314

Michael L. Moore, Esq.
Office of the New Jersey Attorney General
25 Market Street, P.O. Box 116
Trenton, NJ 08608
Attorney for Defendant Coutts

**BROWN, Chief Judge**

This matter is before the Court on defendant Coutts's motion

for summary judgment to dismiss Plaintiff's complaint, filed on

December 20, 2005.  On February 7, 2006, Plaintiff filed a brief

in opposition to the motion.  On March 7, 2006, Defendant filed a

reply to the opposition.  Plaintiff filed a letter, dated March

13, 2006, responding to the reply, and on March 16, 2006,

Defendant filed a letter in further support of the motion for

summary judgment.

This Court has reviewed all documents.  For the following reasons, Defendant's motion for summary judgment will be granted.

## BACKGROUND

It is undisputed that on June 9, 2003, Plaintiff pled guilty to criminal charges in the State of New Jersey.  (Complaint, ¶ 6; Affidavit of Lisa Coutts ("Coutts Affidavit")at ¶ 3).  His sentencing date was set for September 19, 2003.  (Coutts Affidavit at ¶ 3).  On the date that Plaintiff's guilty plea was taken, defendant Coutts was assigned to complete his Pre-Sentence Investigation Report ("PSI").  (Coutts Affidavit at ¶ 3).  Prior to sentencing, on or about September 9, 2003,[1] Plaintiff met with defendant Coutts to complete the PSI.  (Complaint, ¶ 6, Coutts Affidavit at ¶ 4).  The PSI was completed and submitted to the sentencing judge on September 12, 2003.  (Coutts Affidavit at ¶ 5).

Defendant Coutts contacted Plaintiff's Probation Officer in Pennsylvania and reported in the PSI: "upon speaking with P.O. Gulbin, he advised that although the defendant had been granted an early termination from probation, his adjustment towards

---

[1]  Plaintiff states that defendant Coutts presented information to him regarding the detainer on September 10, 2003. (Complaint, ¶ 6).  Defendant Coutts states that her first meeting with Plaintiff was on September 9, 2003.  Although the parties note different dates, it is possible that the parties met on September 9, 2003, and then information was exchanged on September 10, 2003.  Further, this difference of one day has no bearing on the outcome of this case.

supervision was less than satisfactory . . ." (Complaint ¶ 6; Coutts Affidavit at ¶ 4). Defendant Coutts did not do a detainer or warrant investigation for Plaintiff, but rather relayed the information received from Gulbin into the PSI. (Coutts Affidavit at ¶ 4).

Defendant Coutts was not involved in Plaintiff's criminal case before September 9, 2003, nor had she ever had contact with Plaintiff prior to that point. (Coutts Affidavit at ¶¶ 6-7).

Over a year after his sentencing, Plaintiff received a letter from the Susquehanna Public Defender's Office, dated January 10, 2005, wherein he was advised that the detainer had not been withdrawn. (Plaintiff's Letter Brief in Opposition to Summary Judgment, p. 3).

Plaintiff argues that he is entitled to relief under § 1983 because defendant Coutts and defendant Ruiz, Plaintiff's assigned public defender, "conspired to coerce Plaintiff into accepting a negotiated plea agreement, which had it not been for this false information [regarding removal of the detainer] Plaintiff would not have accepted that plea bargain."[2] (Plaintiff's Letter Brief in Opposition to Summary Judgment, p. 2). As evidence of the alleged conspiracy, Plaintiff argues that defendant Coutts was aware of the detainer prior to the date that she alleges. He

_____

[2] Defendant Ruiz was dismissed from this action by Order dated October 4, 2005 (docket entry 3).

3

points to a document he received in discovery dated August 27,
2003, with defendant Coutts's name on the bottom, which notes
that the detainer was received on February 14, 2003, and was
removed on March 4, 2003.  (Plaintiff's Letter Brief in
Opposition to Summary Judgment, p. 3).  He states that "it is
clear from these events that Mrs. Coutts provided false
information to trick and coerce me, the plaintiff in to [sic]
accepting a plea bargain so that the Probation Division can close
it's [sic] case in this matter."  (Plaintiff's Letter Brief in
Opposition to Summary Judgment, pp. 3-4).

Defendant Coutts has moved for summary judgment, arguing:
(1) defendant Coutts is entitled to sovereign immunity under the
Eleventh Amendment; (2) defendant Coutts is entitled to quasi-
judicial immunity; (3) Plaintiff has failed to state a claim
against defendant Coutts under § 1983; and (4) the complaint
should be dismissed pursuant to the Rooker-Feldman abstention
doctrine.

## DISCUSSION

A.  Standard for a Motion for Summary Judgment

A party seeking summary judgment must "show that there is no
genuine issue as to any material fact and that the moving party
is entitled to judgment as a matter of law."  Fed. R. Civ. P.
56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322
(1986); Orson, Inc. v. Miramax Film Corp., 79 F.3d 1358, 1366 (3d

4

Cir. 1996); Healy v. New York Life Ins. Co., 860 F.2d 1209, 1219, n.3 (3d Cir. 1988), cert. denied, 490 U.S. 1098 (1989); Hersh v. Allen Prods. Co., 789 F.2d 230, 232 (3d Cir. 1986). The threshold inquiry is whether "there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986)(noting that no issue for trial exists unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict in its favor). In deciding whether triable issues of fact exist, the Court must view the underlying facts and draw all reasonable inferences in favor of the non-moving party. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Pennsylvania Coal Ass'n v. Babbitt, 63 F.3d 231, 236 (3d Cir. 1995); Hancock Indus. v. Schaeffer, 811 F.2d 225, 231 (3d Cir. 1987).

Rule 56(e) of the Federal Rules of Civil Procedure provides, in relevant part:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(c). The rule does not increase or decrease a party's ultimate burden of proof on a claim. Rather, "the determination of whether a given factual dispute requires submission to a jury must be guided by the substantive evidentiary standards that apply to the case." Anderson, 477 U.S. at 255.

Under the Rule, a movant must be awarded summary judgment on all properly supported issues identified in its motion, except those for which the nonmoving party has provided evidence to show that a question of material fact remains. See Celotex, 477 U.S. at 324. Put another way, once the moving party has properly supported its showing of no triable issue of fact and of an entitlement to judgment as a matter of law, for example, with affidavits, which may be "supplemented . . . by depositions, answers to interrogatories, or further affidavits," id. at 322 n.3, "its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita, 475 U.S. at 586 (citations omitted); see also Anderson, 477 U.S. at 247-48 (stating that "[b]y its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.").

What the nonmoving party must do is "go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex, 477 U.S. at 324; see also Lujan v. National Wildlife Fed'n, 497 U.S. 871, 888 (1990)(stating that "[t]he object of [Rule 56(e)] is not to replace conclusory allegations of the complaint . . . with conclusory allegations of an affidavit."); Anderson, 477 U.S. at 249; Big Apple BMW, Inc. v. BMW of N. Am., Inc., 974 F.2d 1358, 1363 (3d Cir. 1992), cert. denied, 507 U.S. 912 (1993)(stating that "[t]o raise a genuine issue of material fact, . . . the opponent need not match, item for item, each piece of evidence proffered by the movant," but must "exceed[] the 'mere scintilla' threshold and . . . offer[] a genuine issue of material fact.").

The Local Civil Rules supplement the Federal Rules of Civil Procedure and provide that "each side shall furnish a statement which sets forth material facts as to which there exists or does not exist a genuine issue." L. Civ. R. 56.1. "Where possible, a single joint Rule 56.1 statement is favored." Allyn Z. Lite, New Jersey Federal Practice Rules 192 (2006 ed.)(citations omitted). "Where a joint statement is not prepared, then, under the rule, 'facts submitted in the statement of material facts which remain uncontested by the opposing party are deemed admitted.'" Id. at

193 (citations omitted).  However, "the parties' statements
pursuant to Local Rule 56.1 "cannot bind the Court if other
evidence establishes that the stipulated facts are in error."
Id. (citation omitted).

B.    Analysis

To begin, Plaintiff's claim that he would not have entered
into the plea had he known about the detainer, and his request
for damages for future time he must serve in Pennsylvania, are
not cognizable in this civil rights action.

In a series of cases beginning with Preiser v. Rodriquez,
411 U.S. 475 (1973), the Supreme Court has analyzed the
intersection of 42 U.S.C. § 1983 and the federal habeas corpus
statute, 28 U.S.C. § 2254.  In Preiser, state prisoners who had
been deprived of good-conduct-time credits by the New York State
Department of Correctional Services as a result of disciplinary
proceedings brought a § 1983 action seeking injunctive relief to
compel restoration of the credits, which would have resulted in
their immediate release.  411 U.S. at 476.  The prisoners did not
seek compensatory damages for the loss of their credits.  411
U.S. at 494.  The Court held that "when a state prisoner is
challenging the very fact or duration of his physical
imprisonment, and the relief he seeks is a determination that he
is entitled to immediate release or a speedier release from that

imprisonment, his sole federal remedy is a writ of habeas corpus." Id. at 500.

In Heck v. Humphrey, 512 U.S. 477 (1994), the Court addressed a corollary question to that presented in Preiser, whether a prisoner could challenge the constitutionality of his conviction in a suit for damages only under § 1983, a form of relief not available through a habeas corpus proceeding.  Again, the Court rejected § 1983 as a vehicle to challenge the lawfulness of a criminal judgment.

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

512 U.S. at 486-87 (footnote omitted).  The Court further instructed district courts, in determining whether a complaint states a claim under § 1983, to evaluate whether a favorable outcome would necessarily imply the invalidity of a criminal judgment.

> Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or

9

> sentence has already been invalidated.  But if the
> district court determines that the plaintiff's action,
> even if successful, will not demonstrate the invalidity
> of any outstanding criminal judgment against the
> plaintiff, the action should be allowed to proceed, in
> the absence of some other bar to the suit.

512 U.S. at 487 (footnotes omitted).  The Court further held that
"a § 1983 cause of action for damages attributable to an
unconstitutional conviction or sentence does not accrue until the
conviction or sentence has been invalidated."  Id. at 489-90.

Plaintiff's claim against defendant Coutts presents the type
of claim addressed in Heck; that is, a finding that Plaintiff's
conviction was procured by unconstitutional means would
necessarily imply the invalidity of his conviction.  As Plaintiff
does not contend that his conviction has been invalidated, these
claims have not yet accrued.

Alternatively, defendant Coutts argues that she is entitled
to summary judgment because she is entitled to either absolute
immunity under the Eleventh Amendment, or quasi-judicial
immunity.

The Court of Appeals for the Third Circuit has held that a
probation officer acting in a judicial capacity is entitled to
absolute immunity, see Wilson v. Rackmill, 878 F.2d 772, 775 (3d
Cir. 1989); Harper v. Jeffries, 808 F.2d 281, 284 (3d Cir. 1986);
Thompson v. Burke, 556 F.2d 231, 236-38 (3d Cir. 1977), while a
probation officer acting in an administrative, executive, or
ministerial capacity is entitled only to qualified immunity, see

10

Wilson, 878 F.2d at 775-76; Harper, 808 F.2d at 284; Thompson,
556 F.2d at 237-38.   Defendant Coutts, in preparing the
presentence report, was acting in an administrative capacity, and
was, thus, entitled only to good-faith, qualified immunity.   See
Bieros v. Nicola, 839 F. Supp. 332, 334-35 (E.D. Pa.
1993)(defendant probation officer accused of knowingly using
false information to compile presentence report was entitled only
to qualified immunity).   As such, defendant Coutts is entitled to
immunity "if it is shown that [her] conduct did not violate
clearly established statutory or constitutional rights of which a
reasonable person would have known."   Harper, 808 F.2d at 284
(citing Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)).   As
noted by the Court of Appeals for the Third Circuit:   "Qualified
immunity 'gives ample room for mistaken judgments' by protecting
'all but the plainly incompetent or those who knowingly violate
the law.'"   Monteiro v. City of Elizabeth, 436 F.3d 397, 404 (3d
Cir. 2006)(quoting Hunter v. Bryant, 502 U.S. 224, 229 (1991) and
Malley v. Briggs, 475 U.S. 335, 341, 343 (1986)).   "Although
qualified immunity is a question of law determined by the Court,
when qualified immunity depends on disputed issues of fact, those
issues must be determined by the jury."   Id. at 405 (citation
omitted).

     In this case, even considering as true plaintiff's
allegation that defendant Coutts was aware of the detainer

against him in August of 2003, it is undisputed that defendant Coutts had no contact, conversations, or knowledge of Plaintiff's case at the time Plaintiff entered into his plea agreement in June of 2003. Although Plaintiff makes conclusory allegations that defendant Coutts conspired with his appointed counsel to hide the information regarding the detainer from him, Plaintiff has not set forth specific facts showing a genuine issue for trial. Further, as Plaintiff admits, defendant Coutts actually was informed that the detainer was removed. (Plaintiff's Letter Brief in Opposition to Summary Judgment, p. 7, stating: "Enclosed in my discovery case, for the then criminal matter, I discovered a document entitled 'NEW JERSEY COUNTY CORRECTION INFORMATION SYSTEM COMMITMENT SUMMARY,' dated '08/27/03,' with respect to the detainer, it has, Date Recvd: 02/14/03, date removed: 03/04/03; with Mrs. Coutts name at the bottom . . . ."). In obtaining the information that the detainer had been removed, and in transferring the information to the PSI, defendant Coutts acted reasonably and did not violate any constitutional rights of the plaintiff. While Plaintiff disputes the exact date that defendant Coutts received this information, he admits that the information was received and does not dispute that it was received after he pled guilty to his criminal charges. Thus, based on undisputed facts, Plaintiff's claim that defendant

Coutts induced him into making the plea agreement by conspiring with his public defender must fail.

Finally, a federal district court lacks jurisdiction to directly review judgments of state courts.  See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923) (the "Rooker-Feldman doctrine").  The Rooker-Feldman doctrine bars district courts from "entertain[ing] constitutional claims that have been previously adjudicated in state court or that are inextricably intertwined with a state adjudication."  Whiteford v. Reed, 155 F.3d 671, 673-74 (3d Cir. 1998)(citations omitted). "A federal claim is inextricably intertwined with a prior state adjudication if 'the federal claim succeeds only to the extent that the state court wrongly decided the issues before it . . . .'"  Gulla v. North Strabane Township, 146 F.3d 168, 171 (3d Cir. 1998)(quoting FOCUS v. Allegheny County Court of Common Pleas, 75 F.3d 834, 840 (3d Cir. 1996)).  The Rooker-Feldman doctrine applies if, in order to grant the plaintiff the relief sought, the federal district court must determine that the state court's decision is wrong or such relief would void the state court's ruling.  See Gulla, 146 F.3d at 171; FOCUS, 75 F.3d at 840. Here, Plaintiff's complaint directly challenges the state court's acceptance of his guilty plea.  A finding by this Court in Plaintiff's favor would necessarily invalidate the state court's

decision.   Therefore, pursuant to the <u>Rooker-Feldman</u> doctrine,
Plaintiff's claim that he was fraudulently induced into pleading
guilty in state court is not cognizable in this civil rights
action.

### CONCLUSION

For the foregoing reasons, Defendant's motion for summary
judgment will be granted.  An appropriate Order accompanies this
Opinion.

GARRETT E. BROWN, JR., Chief Judge
United States District Court

Dated: April 6, 2006